No. 67. Deere v. Cole et al. This case was decided and is reported in 16 Bradwell, 629. On rehearing, the court finds nothing to require it to change its conclusion heretofore announced. Opinion by CONGER, J. Judge below, J. N. WILKIN. Attorneys, for appellant, Messrs. GERE & BEARDSLEY; for appellee, Mr. J. M. WRIGHT. Opinion filed Jan. 6, 1886.

No. 79. Chicago, Burlington & Quincy R. R. Co. v. Jones. It is not enough to create liability for stock killed by a railroad train, to prove that the bell was not rung, nor the whistle sounded, but it must also appear by facts and circumstances proved, that the accident was caused by reason of such neglect. The court is of opinion the evidence wholly fails to sustain the verdict in this case for appellee. Reversed and remanded. Opinion by WALL, P. J. Judge below, G. W. HERDMAN. Attorneys, for appellant, Messrs. SWEENEY & WALKER; for appellee, Mr. JAMES CALLANS. Opinion filed Feb. 25, 1886.

No. 62. Miller et al. v. Johnsons. This was an action of replevin for two horses, brought by appellants, claiming under bill of sale, and also assignment of a chattel mortgage from an execution defendant, against the constable who levied upon and took them. The levy was made after the mortgage debt had matured and the questions presented were upon the sufficiency, as against the judgment creditor, of the possession claimed to have been previously taken under the bill of sale, and the good faith of the alleged purchase. The issue of property was found for the defendant who had judgment for his costs and a return of the property, and there being sufficient evidence to sustain such judgment, it is affirmed. Opinion PER CURIAM. Judge below, R. M. BENJAMIN. Attorneys, for appellant, Mr. W. E. HUGHES; for appellee, Messrs. KERRICK, LUCAS & SPENCER. Opinion filed Feb. 25, 1886.

No. 28. The Village of Fieldon v. Kraus et al. This was an action of debt to recover the penalty provided by the ordinance of the village of Fieldon, for selling liquors in violation of the provisions of said ordinance. The declaration contained five counts. A general and special demurrer was filed to the declaration. Each count of the declaration was then sustained by the court, and the plaintiff electing to stand

by its declaration, judgment was rendered against the plaintiff, to which it excepted and brings the record to this court for review. The court is of opinion that the first count is substantially good, and would require the defendant to answer. Reversed and remanded. Opinion PER CURIAM. Judge below, G. W. HERDMAN. Attorneys, for appellant, Messrs. HAMILTON & STATON, and Mr. A. A. GOODRICH; for appellee, Messrs. BROWN & KIRBY. Opinion filed Feb. 25, 1886.

No. 18. Lyon v. Blakney et al. It is only when this court is able to see that the decree of the court below is clearly against the weight of the evidence that it will reverse upon a mere controverted question of fact: Wiegleb v. Thomsen et al., 102 Ill. 156. The finding of the court below that the party making the assignment of the notes in question was mentally incapacitated so to do is affirmed. Opinion by CONGER, J. Judge below, O. L. DAVIS. Attorneys, for appellant, Mr. C. M. SWALLOW and Mr. F. BOOKWALTER ; for appellees, Mr. W. R. LAWRENCE and Mr. J. B. MANN. Opinion filed Feb. 25, 1886.

No. 56. Mitchell, Lewis & Co. v. Upton Mfg. Co. This was an action of replevin by the appellant against the appellee. Declaration in the *cepit* and *detinet.* Pleas *non cepit, non detinet.* Property in defendant and a special plea denying the assignment of a promissory note in controversy. Trial by the court without a jury by consent; finding not guilty; writ of *retorno habendo* awarded with costs. The principal questions in the case were as to the authority of one Burgess to assign the note in the name of the appellee and as to the sufficiency of an assumed possession of the property in dispute by the agent of appellants. These issues of fact were found by the court for defendant below, and after reading the evidence the court is inclined to agree with this finding. It is objected that the finding of not guilty being responsive only to the pleas *non cepit* and *non detinet,* did not justify the judgment awarding a writ of *retorno* and for costs. This purely technical objection should have been interposed at the time, when the error could have been corrected, and no doubt would have been. It is too late to make it now: Bowden v. Bowden, 75 Ill. 111; Utter v. Jaffray, 15 Bradwell, 236. Judgment affirmed. Opinion by WALL, P. J. Judge below, O. T.